******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

D'AURIA, J., with whom ECKER and ALEXANDER, Js., join, dissenting. For the reasons stated in my dissenting opinion in one of the two companion cases we also decide today; see *Smith* v. *Supple*, 346 Conn. 928, 965, A.3d (2023) (*D'Auria, J.*, dissenting); I do not agree with the majority's conclusion that the denial of a special motion to dismiss asserting a colorable claim that the underlying cause of action is based on a defendant's exercise of his or her rights to free speech, to free association, or to petition the government constitutes an appealable final judgment. Specifically, as I explained in detail in my dissent in *Smith*, I do not interpret General Statutes § 52-196a, our anti-SLAPP statute, as granting a right to an immediate appeal. Nor do I interpret § 52-196a as granting a right to immunity from suit, and thus I do not agree with the majority that the denial of a colorable claim to the protections afforded by § 52-196a constitutes an appealable final judgment under the second prong of *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983). Accordingly, I respectfully dissent.

Rather, I interpret § 52-196a as granting a new procedural right, entitling the defendant to raise as early as possible in the litigation his or her preexisting right to immunity from liability when the underlying defense is premised on his or her exercise of a first amendment right or a right under a state constitutional analogue. The right to this procedure, and its corresponding benefits, has been satisfied in the present case. The defendant, V. D., had the right to file a special motion to dismiss early in the litigation process, with discovery and its associated costs and burdens stayed until resolution of the motion. The trial court, acting in its gatekeeping function, considered the merits of the underlying lawsuit, determining that the defendant had failed to establish, by a preponderance of the evidence, that the plaintiffs, Michael Robinson and Mary Robinson, brought the underlying lawsuit abusively or frivolously in an attempt to chill the defendant's rights to free speech, to free association, or to petition the government. Specifically, the trial court found nothing in the record from which it could find that the defendant's conduct was a matter of public concern. Thus, the defendant, "early in the process," had the opportunity to "try to dismiss a frivolous or abusive claim that has no merit" and did not have to incur the costs of litigation until he received a determination on his motion. (Internal

quotation marks omitted.) *Lafferty* v. *Jones*, 336 Conn. 332, 382 n.36, 246 A.3d 429 (2020), cert. denied,      U.S.     , 141 S. Ct. 2467, 209 L. Ed. 2d 529 (2021). Therefore, I would dismiss the defendant's appeal for lack of a final judgment.

Accordingly, I respectfully dissent.

———————————